### CEFALU v. BELLIVIA.
### No. 1809.

Court of Appeal of Louisiana. First Circuit.
Feb. 15, 1938.

L. B. Ponder, Jr., of Amite, for appellant.

Ellis & Bostick, of Amite, for appellee.

DORE, Judge.

The plaintiff alleges that on September 22, 1932, he advanced to defendant credit in the sum of $420 for which he took a crop lien note from defendant, and that said note had been paid down to the sum of $159.63. Plaintiff annexed the note to his petition and made same part thereof, and prayed for judgment for the said balance, with 8 per cent. interest from the date of said note, and 15 per cent. on the principal and interest for attorney's fees. The note recites on its face that it was given for money, fertilizer, family, and plantation supplies advanced to defendant to enable him to make a crop of strawberries and other crops on certain lands for the season 1932 and 1933.

Defendant admitted signing the note for the purpose and consideration stated, but denied any liability thereon, alleging that the full amount which plaintiff advanced him had been paid in full. Further answering, defendant alleged that he had overpaid the account sued on in the amount of $12.85, and asked for judgment in reconvention against plaintiff for said amount.

The trial court rendered judgment in favor of defendant against plaintiff on the reconventional demand for the amount claimed. Plaintiff had appealed.

Defendant introduced in evidence a statement of his account rendered him by plaintiff on May 12, 1933, showing that the account was then balanced. This account shows total debts from October 11, 1932, to May 6, 1933, of $461.13, and the same amount of credits from April 1 to May 12, 1933, the account being balanced on the latter date.

Plaintiff undertook to show additional advances to defendant in July, after the account was balanced in May, of fertilizer and seeds, and, on objection being made, this evidence was excluded, on the ground that these advances were made after the season 1933 had closed, and were not covered by the note.

■ It will be observed that the note sued on provides on its face that it is given for advances on the 1932 and 1933 season in making a strawberry and other crops. It is manifest that, if these advances ought to be proved during 1933 were for either the strawberry season or the season for any other crop during that year, they would be covered in the note by its express terms. The mere fact that on May 12, 1933, the defendant did not then owe anything for advances did not have the effect of canceling the note unless the season for making strawberry and other crops for that year was then closed, and no further advances were required and made for that year. The note was given to secure advances for making crops for the seasons of 1932 and 1933, and was in the nature of a security for a running account during that period; at times the debts might be greater than the credits, while at other times the credits might be greater than the debts. It was the condition of the account at the close of the strawberry or other crop season of 1933 that determines whether or not the note was paid.

■ In our opinion, the plaintiff had a right to show whether or not he made any further advances to defendant after May 12, 1933, to enable defendant to grow any other crops for any season of that year. The objection of defendant to the introduction of evidence tending to show such further advances should have been overruled, and the ruling of the lower court is hereby reversed. Of course, the evidence should be restricted to proof of advances on a crop grown during a crop season during that year. For instance, if the proof shows that advances were made

in the summer of 1933 for growing a crop of beans or cucumbers, and that the season for growing this kind of truck is in the summer, the note on its face would cover such advances.

For these reasons the judgment appealed from is annulled, set aside, and reversed, and the case is hereby remanded to the lower court for trial in accordance with the views herein expressed; the costs for this appeal to be paid by defendant, all other cost to await the final determination of the case.